IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| DAVON LASHON DAVIS, # 208426, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CASE NO. 1:16-CV-774-WKW-SMD |
| | ) | |
| DERRICK CARTER, *et al.*, | ) | |
| | ) | |
| Respondents. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Acting *pro se*, Alabama inmate Davon Lashon Davis ("Davis") brings this petition for writ of habeas corpus under 28 U.S.C. § 2254 challenging his conviction and sentence for committing domestic violence by strangulation or suffocation. Doc. 1.[1]

**I. BACKGROUND AND PROCEDURAL HISTORY**

On September 16, 2013, a Houston County jury found Davis guilty of committing domestic violence by strangulation or suffocation, in violation of § 13A-6-138, Ala. Code 1975. (Doc. 8-1) at 15-16. On November 12, 2013, the trial court sentenced Davis as a habitual felony offender to 30 years' imprisonment. (Doc. 8-1) at 24.

Davis appealed, raising claims that (1) § 13A-6-138, Ala. Code 1975, the statute defining domestic violence by strangulation or suffocation, is unconstitutionally vague and overbroad; (2) the trial court erred in allowing testimony that a pistol used by the victim

---

[1] References to "Doc(s)." are to the document numbers of the pleadings, motions, and other materials in the Court file, as compiled and designated on the docket sheet by the Clerk of Court. Pinpoint citations are to the page of the electronically filed document in the court's CM/ECF filing system, which may not correspond to pagination on the "hard copy" of the document presented for filing.

belonged to Davis and had been reported as stolen; (3) the State improperly impeached a defense witness; (4) the trial court improperly limited the defense's cross-examination of a witness regarding whether the injuries suffered by the victim could have been self-inflicted; and (5) the jury's verdict was against the weight of the evidence. *See* (Doc. 8-3).

On August 22, 2014, the Alabama Court of Criminal Appeals issued a memorandum opinion affirming Davis's conviction and sentence. (Doc. 8-4). Davis applied for rehearing, which was overruled. He then filed a petition for writ of certiorari with the Alabama Supreme Court, which that court denied on January 30, 2015. (Docs. 8-5 & 8-6).

On April 29, 2015, Davis filed a *pro se* petition in the trial court seeking post-conviction relief under Rule 32 of the Alabama Rules of Criminal Procedure. *See* (Doc. 8-8) at 11. On June 11, 2015, Davis amended his Rule 32 petition to present additional claims.[2] (Doc. 8-9) at 70–81. On June 29, 2015, the trial court entered an order denying

---

[2] Davis presented the following claims in his Rule 32 petition as amended: (1) § 13A-6-138, Ala. Code 1975, is unconstitutionally vague; (2) his arrest was unlawful; (3) the trial court erred in not allowing defense counsel to question prospective juror S.D.; (4) the venire was not properly questioned regarding whether any prospective juror or family members of any prospective juror had been the victims of a crime; (5) the indictment was defective, and the trial court improperly amended the indictment during its jury instructions; (6) the trial court erred in denying his motion for a judgment of acquittal because the State failed to prove a prima facie case of domestic violence by strangulation or suffocation; (7) he was entitled to jury instructions on the lesser-included offenses of third-degree assault and menacing; (8) the trial court erred in allowing evidence to be admitted regarding a gun being used by the victim during the incident; (9) the trial court erred in limiting the defense's cross-examination of a police officer regarding whether the victim's injuries could have been self-inflicted; (10) the evidence was insufficient to sustain his conviction; (11) he was denied his right to impeach the victim with her prior inconsistent statement; (12) the State failed to prove the prior felony convictions used to enhance his sentence under Alabama's Habitual Felony Offender Act ("HFOA"); (13) the trial court erred in applying the firearm enhancement to his sentence; (14) his trial counsel was ineffective for (a) not challenging the sufficiency of the indictment; (b) not challenging the validity of the arrest warrant; (c) not challenging the constitutionality of the jury-selection process; (d) not challenging the sufficiency of the evidence; and (e) not objecting to the trial court's

(continued…)

Davis's Rule 32 petition. (Doc. 8-10) at 55. Davis appealed, and on March 4, 2016, the Alabama Court of Criminal Appeals issued a memorandum opinion affirming the trial court's judgment denying Davis's Rule 32 petition. (Doc. 8-12). Davis applied for rehearing, which was overruled. He then filed a petition for writ of certiorari with the Alabama Supreme Court, which that court denied on May 13, 2016. Docs. 8-13 & 8-14.

On September 16, 2016, Davis initiated this habeas action by filing a § 2254 petition asserting the following claims:

> Ground One. He is actually innocent of the crime of which he was convicted.
>
> Ground Two. His jury was not drawn from a fair cross-section of African-Americans and women in the community.
>
> Ground Three. Section 13A-6-138, Ala. Code 1975, the statute defining domestic violence by strangulation or suffocation, is unconstitutionally vague.
>
> Ground Four. His 30-year sentence under Alabama's Habitual Felony Offender Act ("HFOA") violates the Eighth Amendment's prohibition against cruel and unusual punishment.
>
> Ground Five. The State failed to prove a prima facie case of domestic violence by strangulation or suffocation.
>
> Ground Six. His Sixth Amendment right to confrontation was violated when the trial court limited the defense's cross-examination of a police officer regarding whether the victim's injuries could have been self-inflicted.
>
> Ground Seven. His Sixth Amendment right to confrontation was violated when he was disallowed from impeaching the victim with her prior inconsistent statement

---

confusing jury instructions; and (15) newly discovered material facts entitled him to a new trial, specifically, that the prosecutor committed misconduct by eliciting false testimony at trial. *See* (Doc. 8-8) at 11; (Doc. 8-9) at 70–81.

3

>Ground Eight. The State improperly impeached a defense witness using an incident report created by a police investigator.
>
>Ground Nine. He "never used or touched" the gun on the day the victim was assaulted, "but was charged with an offense and that violated the Fourth Amendment of the U.S. Constitution."
>
>Ground Ten. His warrantless arrest violated the Fourth Amendment.

(Doc. 1) at 5–34.

On November 22, 2016, Davis filed a "Motion to Delete Claim(s)" (Doc. 13), in which he stated he wished to withdraw the following claims from his § 2254 petition: Ground One (the actual-innocence claim); Ground Two (the fair cross-section claim): Ground Seven (the confrontation/impeachment claim regarding the victim); and Ground 10 (the Fourth Amendment/unlawful arrest claim). This Court granted Davis's motion to withdraw these claims from his petition.[3] (Doc. 15).

On December 21, 2016, while his § 2254 petition was pending in this court, Davis filed a second *pro se* Rule 32 petition in the trial court. *See* (Doc. 23-1) at 10-34. In that petition, Davis presented claims that (1) the statute under which he was convicted violated the Equal Protection Clause because it proscribed his right "to enter into and maintain certain intimate human relationship conduct without intervention of the government"; (2) the trial court's jury instruction regarding § 13A-6-138, Ala. Code 1975, created a misleading "mandatory rebuttable presumption" that Davis was in a dating relationship, i.e., a "qualified relationship" with the victim; and (3) his 30-year sentence violated the principles of *Apprendi v. New Jersey*, 530 U.S. 466 (2000).

---

[3] Accordingly, these claims are not discussed further in this Recommendation.

4

On January 18, 2017, the trial court entered an order denying the Rule 32 petition. (Doc. 23-1) at 37.  Davis appealed, and on March 28, 2017, the Alabama Court of Criminal Appeals issued a memorandum opinion affirming the trial court's judgment denying the Rule 32 petition.  (Doc. 23-4).  Davis applied for rehearing, which was overruled.  He then filed a petition for writ of certiorari with the Alabama Supreme Court, which that court denied on October 13, 2017.  (Docs. 23-5 & 23-6).

On November 3, 2017, Davis amended his § 2254 petition to add the same claims he presented to the state courts in his second Rule 32 petition.  (Doc. 18).

Respondents argue (Docs. 8 & 23) that all of Davis's claims, in his § 2254 petition and in the amendment thereto, are procedurally defaulted, either because the last state court to review the claims clearly and expressly rejected the claims based on a procedural bar or because the claims were unexhausted in the state courts and Davis cannot return to state court to exhaust them.

For the reasons that follow, it is the recommendation of the Magistrate Judge that Davis's § 2254 petition, as amended, be denied without an evidentiary hearing and this case be dismissed with prejudice.

## II. DISCUSSION

### A. Procedural Default

#### 1. *Exhaustion*

Before a § 2254 petitioner may obtain federal habeas corpus review, he must exhaust his federal claims by raising them in the appropriate court, allowing the state courts to decide the merits of the constitutional issue raised.  28 U.S.C. § 2254(b)(1) & (c);

5

*Duncan v. Walker*, 533 U.S. 167, 178-79 (2001). To exhaust a claim fully, a petitioner must "invok[e] one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). In Alabama, a complete round of the established appellate review process includes an appeal to the Alabama Court of Criminal Appeals, an application for rehearing to that court, and a petition for discretionary review—a petition for a writ of certiorari—filed in the Alabama Supreme Court. *Smith v. Jones*, 256 F.3d 1135, 1140-41 (11th Cir. 2001); Ala. R. App. P. 39 & 40. The exhaustion requirement applies to state post-conviction proceedings and to direct appeals. *See Pruitt v. Jones*, 348 F.3d 1355, 1359 (11th Cir. 2003).

Habeas claims not properly exhausted in the state courts are procedurally defaulted if presentation of the claims in state court would be barred by state procedural rules. *Gray v. Netherland*, 518 U.S. 152, 161-62 (1996); *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991). "[I]f the petitioner failed to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred[,] . . . there is a procedural default for purposes of federal habeas." *Coleman*, 501 U.S. at 735 n.1 (citations omitted); *see Henderson v. Campbell*, 353 F.3d 880, 891 (11th Cir. 2003).

### 2. *Adequate and Independent State Grounds*

Federal habeas review may be unavailable for claims that a state court has rejected on state procedural grounds. *Coleman*, 501 U.S. at 729. When a state prisoner fails to follow state procedural rules, thereby procedurally defaulting on a claim, the authority of federal courts to review the prisoner's state court criminal conviction is "severely

6

restricted." *Johnson v. Singletary*, 938 F.2d 1166, 1173 (11th Cir. 1991). "Federal review of a petitioner's claim is barred by the procedural-default doctrine if the last state court to review the claim states clearly and expressly that its judgment rests on a procedural bar, and that bar provides an adequate and independent state ground for denying relief."[4] *Atkins v. Singletary*, 965 F.2d 952, 955 (11th Cir. 1992); *see Marek v. Singletary*, 62 F.3d 1295, 1301-02 (11th Cir. 1995).

### 3. *Exceptions to Procedural Default*

A habeas petitioner can overcome a procedural default either through showing cause for the default and resulting prejudice, *Murray v. Carrier*, 477 U.S. 478, 488 (1986), or establishing a "fundamental miscarriage of justice," which requires a colorable showing of actual innocence, *Schlup v. Delo*, 513 U.S. 298, 324-27 (1995). Cause for a procedural default must ordinarily turn on whether the petitioner can show that some objective factor external to the defense impeded efforts to comply with the state's procedural rules. *Murray*, 477 U.S. at 488; *United States v. Frady*, 456 U.S. 152, 170 (1982). Examples of such external impediments include the factual or legal basis for a claim was not reasonably

---

[4] The United States Supreme Court has stated:

> By its very definition, the adequate and independent state-ground doctrine requires the federal court to honor a state holding that is a sufficient basis for the state court's judgment, even when the state court also relies on federal law. *See Fox Film Corp. v. Muller*, 296 U.S. 207, 210 (1935). Thus, by applying this doctrine to habeas cases, [*Wainwright v. Sykes*, 433 U.S. 72 (1977)] curtails reconsideration of the federal issue on federal habeas as long as the state court explicitly invokes a state procedural bar rule as a separate basis for decision. In this way, a state court may reach a federal question without sacrificing its interests in finality, federalism, and comity.

*Harris v. Reed*, 489 U.S. 255, 264 n.10 (1989).

available to counsel, interference with the defense by government officials, or constitutionally ineffective assistance of counsel. *Murray*, 477 U.S. at 488. To establish prejudice, a petitioner must show that the errors worked to his "actual and substantial disadvantage, infecting his entire [proceeding] with error of constitutional dimensions." *Id.* at 494 (internal quotations and emphasis omitted). Prisoners asserting actual innocence as a gateway to review of defaulted claims must establish that, in light of new evidence, "it is more likely than not that no reasonable juror would have found [the] petitioner guilty beyond a reasonable doubt."[5] *Schlup*, 513 U.S. at 327.

## B. Davis's Claims

### 1. Section 13A-6-138, Ala. Code 1975, and Vagueness

Davis claims that § 13A-6-138, Ala. Code 1975, the statute defining domestic violence by strangulation or suffocation, is unconstitutionally vague. (Doc. 1) at 27.

Respondents observe that Davis raised this claim on direct appeal, where he argued that § 13A-6-138 is vague and overbroad. In its memorandum opinion affirming Davis's conviction, the Alabama Court of Criminal Appeals held this claim had not been preserved

---

[5] "[T]he *Schlup* standard is demanding and permits review only in the 'extraordinary' case." *House v. Bell*, 547 U.S. 518, 538 (2006). As the Supreme Court observed in *Schlup*:

> [A] substantial claim that constitutional error has caused the conviction of an innocent person is extremely rare. . . . To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial. Because such evidence is obviously unavailable in the vast majority of cases, claims of actual innocence are rarely successful.

513 U.S. at 324.

(continued…)

8

for appellate review because it was raised for the first time on appeal. *See* (Doc. 8-4) at 4. The Alabama Court of Criminal Appeals' application of the well-established rule of preservation constituted an adequate and independent state procedural ground for denying relief. *See Harris v. Reed*, 489 U.S. 255, 264 n.10 (1989); *Atkins*, 965 F.2d at 955. This procedural rule is firmly established and regularly followed by Alabama appellate courts.[6] *See, e.g., Beard v. State*, 627 So. 2d 1122, 1126 (Ala. Crim. App. 1993); *Dentmon v. State*, 568 So. 2d 416, 420 (Ala. Crim. App. 1990); *City of Mobile v. Gulf Development Co.*, 171 So. 2d 247, 255 (1965). Consequently, Davis's claim that § 13A-6-138 is unconstitutionally vague is procedurally defaulted.[7]

Davis sets forth no grounds as cause excusing his procedural default. Further, he does not argue that the actual-innocence exception provides a gateway for review of his procedurally defaulted claim. Because Davis fails to demonstrate cause or actual innocence excusing his procedural default, his claim that § 13A-6-138 is unconstitutionally vague is foreclosed from federal habeas review.

---

[6] In order to bar federal review, the state procedural bar must have been "firmly established and regularly followed" at the time of the alleged default. *Ford v. Georgia*, 498 U.S. 411, 424 (1991).

[7] Davis also raised this claim in his Rule 32 petition and on appeal from the denial of his Rule 32 petition. In its memorandum opinion affirming the denial of Davis's Rule 32 petition, the Alabama Court of Criminal Appeals held that this claim was procedurally barred under Rule 32.2(a)(3) of the Alabama Rules of Criminal Procedure because it could have been, but was not, raised and addressed at trial. (Doc. 8-12) at 5-6; *see* Ala. R. Crim. P. 32.2(a)(3). This, too, was an application of a well-established state procedural bar that constituted an adequate and independent state procedural ground for denying relief. *Harris*, 489 U.S. at 264 n.10; *Atkins*, 965 F.2d at 955. This procedural rule is also firmly established and regularly followed by Alabama appellate courts. *See, e.g., Boyd v. State*, 913 So. 2d 1113, 1143 (Ala. Crim. App. 2003); *Griggs v. State*, 980 So. 2d 1031, 1031 (Ala. Crim. App. 2006). Therefore, this claim is procedurally defaulted for this reason, as well as the reason discussed above in this Recommendation.

9

### 2. *Eighth Amendment Claim as to 30-Year Sentence Under HFOA*

Davis claims his 30-year sentence under Alabama's HFOA violates the Eighth Amendment's prohibition against cruel and unusual punishment. (Doc. 1) at 29.

Respondents correctly observe that Davis did not raise this claim in the state courts. Therefore, the claim is unexhausted. Davis cannot return to the state courts to litigate this claim, because the claim would be barred as untimely under the one-year limitation period in Ala. R. Crim. P. 32.2(c); any Rule 32 petition presenting the claim would be considered a successive petition under Ala. R. Crim. P. 32.2(b); and the claim would be procedurally barred under Ala. R. Crim. P. 32.2(a)(3) & (5), because it is a claim that could have been, but was not, raised and addressed at trial and on appeal.

Davis also sets forth no grounds as cause excusing his procedural default. Further, he does not argue that the actual-innocence exception provides a gateway for review of this defaulted claim. Because Davis fails to demonstrate cause or actual innocence excusing his procedural default, his claim that his 30-year sentence under Alabama's HFOA violates the Eighth Amendment's prohibition against cruel and unusual punishment is foreclosed from federal habeas review.

### 3. *State's Failure to Prove Prima Facie Case*

Davis claims that the State failed to prove a prima facie case of domestic violence by strangulation or suffocation. (Doc. 1) at 31.

Davis raised this claim in his Rule 32 petition and on appeal from the denial of his Rule 32 petition. In its memorandum opinion affirming the denial of Davis's Rule 32 petition, the Alabama Court of Criminal Appeals held this claim was procedurally barred

10

under Rule 32.2(a)(5) of the Alabama Rules of Criminal Procedure because it could have been, but was not, raised and addressed on direct appeal. (Doc. 8-12) at 5-6; *see* Ala. R. Crim. P. 32.2(a)(5). The state court's application of Ala. R. Crim. P. 32.2(a)(5) constituted an adequate and independent state procedural ground for denying relief. *Harris*, 489 U.S. at 264 n.10. This procedural bar is firmly established and regularly followed by Alabama appellate courts. *See, e.g., Tucker v. State,* 696 So. 2d 1170, 1171-73 (Ala. Crim. App. 2006); *Brownlee v. Haley*, 306 F.3d 1043, 1065–66 (11th Cir. 2002). Consequently, Davis's claim is procedurally defaulted.

Davis sets forth no grounds as cause excusing his procedural default. Further, he does not argue that the actual-innocence exception provides a gateway for review of this defaulted claim. Because Davis fails to demonstrate cause or actual innocence excusing his procedural default, his claim that the State failed to prove a prima facie case of domestic violence by strangulation or suffocation is foreclosed from federal habeas review.

### *4. Cross-Examination and Sixth Amendment Right to Confrontation*

Davis claims his Sixth Amendment right to confrontation was violated when the trial court limited the defense's cross-examination of a police officer regarding whether the victim's injuries could have been self-inflicted. (Doc. 1) at 31-32.

Davis raised this claim in his Rule 32 petition, but not on appeal from the denial of his Rule 32 petition. In its memorandum opinion affirming the denial of Davis's Rule 32 petition, the Alabama Court of Criminal Appeals found that the claim was abandoned for purposes of review because it had not been pursued on appeal. (Doc. 8-12) at 6-7. The state court's application of this procedural bar constituted an adequate and independent

state procedural ground for denying relief. *Harris*, 489 U.S. at 264 n.10. This procedural bar is firmly established and regularly followed by Alabama appellate courts. *See, e.g., Brownlee v. State*, 666 So. 2d 91, 93 (Ala. Crim. App. 1995); *Burks v. States*, 600 So. 2d 374, 380 (Ala. Crim. App. 1991). Consequently, Davis's claim here is procedurally defaulted.[8]

Davis sets forth no grounds as cause excusing his procedural default. Further, he does not argue that the actual-innocence exception provides a gateway for review of this defaulted claim. Because Davis fails to demonstrate cause or actual innocence excusing his procedural default, his claim that his Sixth Amendment right to confrontation was violated when the trial court limited the defense's cross-examination of a police officer regarding whether the victim's injuries could have been self-inflicted is foreclosed from federal habeas review.

---

[8] Davis arguably raised some version of this claim on direct appeal. However, in its memorandum opinion affirming Davis's conviction and sentence, the Alabama Court of Criminal Appeals held that Davis had waived the claim for purposes of appellate review because he failed to provide the name of the witness he was allegedly limited in cross-examining; did not provide any page numbers of the record to direct the court's attention to the relevant portion of the unnamed witness's testimony; and did not argue or establish by reference to the record that he raised the issue before the trial court and received an adverse ruling from which to appeal. (Doc. 8-4) at 6. Citing language from Rule 28(a)(10) of the Alabama Rules of Appellate Procedure, the Alabama Court of Criminal Appeals found that Davis had failed to present an argument that included "the contentions of the appellant/petitioner, and the reasons therefore, with citations to the cases, statutes, other authorities, and parts of the record relied on." *See* Ala. R. App. P. 28(a)(10). The Alabama Court of Criminal Appeals' application of Ala. R. App. P. 28(a)(10) to hold that Davis waived appellate review of this claim constitutes an adequate and independent state procedural ground for denying relief. This procedural bar is firmly established and regularly followed by Alabama appellate courts. *See, e.g., Hamm v. State*, 913 So. 2d 460, 486 & 490-91 (Ala. Crim. App. 2002); *Gay v. State*, 562 So. 2d 283, 289 (Ala. Crim. App. 1990). Consequently, this claim is procedurally defaulted for this reason, as well as the reason discussed above in this Recommendation. *See, e.g., Hamm v. Allen,* 2013 WL 1282129, at *19-21 (N.D. Ala. 2013) (petitioner's claims were procedurally defaulted where Alabama Court of Criminal Appeals found that such claims were waived due to petitioner's failure to comply with Ala. R. App. P. 28); *Bester v. Patterson*, 2013 WL 6191520 at *11-12 (N.D. Ala. 2013) (same).

### 5. *Improper Impeachment of Defense Witness*

Davis claims the State improperly impeached a defense witness by using an incident report created by a police investigator. (Doc. 1) at 33-34.

Davis raised this claim in his Rule 32 petition, but not on appeal from the denial of his Rule 32 petition. In its memorandum opinion affirming the denial of Davis's Rule 32 petition, the Alabama Court of Criminal Appeals found that the claim was abandoned for purposes of review because it had not been pursued on appeal. (Doc. 8-12) at 6-7. The state court's application of this procedural bar constituted an adequate and independent state procedural ground for denying relief. And this procedural bar is firmly established and regularly followed by Alabama appellate courts. *See, e.g., Brownlee,* 666 So. 2d at 93; *Burks*, 600 So. 2d at 380. Consequently, this claim is procedurally defaulted.[9]

Davis sets forth no grounds as cause excusing his procedural default. And he does not argue that the actual-innocence exception provides a gateway for review of this defaulted claim. Because Davis fails to demonstrate cause or actual innocence excusing his procedural default, his claim that the State improperly impeached a defense witness by

---

[9] Davis arguably raised some version of this claim on direct appeal. In its memorandum opinion affirming Davis's conviction and sentence, the Alabama Court of Criminal Appeals cited Rule 28(a)(10) of the Alabama Rules of Appellate Procedure in holding that Davis had waived the claim for purposes of appellate review because "he does not identify the witness who was allegedly impeached improperly, nor does he cite to the pages of the record where the unidentified witness was allegedly impeached improperly." (Doc. 8-4) at 5-6. Thus, the court found Davis clearly failed to satisfy Ala. R. App. P. 28(a)(10). (Doc. 8-4) at 6. The Alabama Court of Criminal Appeals' application of Ala. R. App. P. 28(a)(10) to hold that Davis waived appellate review of this claim constitutes an adequate and independent state procedural ground for denying relief. As previously noted, this procedural bar is firmly established and regularly followed by Alabama appellate courts. *See, e.g., Hamm*, 913 So. 2d at 486 & 490-91; *Gay v. State*, 562 So. 2d 283, 289 (Ala. Crim. App. 1990). Consequently, this claim is procedurally defaulted for this reason, as well as the reason discussed above in this Recommendation.

using an incident report created by a police investigator is foreclosed from federal habeas review.

### 6. *Fourth Amendment and Charge Regarding Gun*

In a claim that is difficult to decipher, Davis contends that he "never used or touched" the gun on the day the victim was assaulted, "but was charged with an offense," receiving stolen property in the third degree, which "was brought up at the Petitioner's sentencing hearing," and "that violated the Fourth Amendment of the U.S. Constitution." (Doc. 1) at 34.

Respondents correctly observe that Davis did not raise this claim in the state courts. Therefore, the claim is unexhausted. Davis cannot return to the state courts to litigate the claim, because it would be barred as untimely under the one-year limitation period in Ala. R. Crim. P. 32.2(c); any Rule 32 petition presenting the claim would be considered a successive petition under Ala. R. Crim. P. 32.2(b); and the claim would be procedurally barred under Ala. R. Crim. P. 32.2(a)(3) & (5), because it is a claim that could have been, but was not, raised and addressed at trial and on appeal. Davis sets forth no grounds as cause excusing his procedural default. And, he does not argue that the actual-innocence exception provides a gateway for review of this defaulted claim. Because Davis fails to demonstrate cause or actual innocence excusing his procedural default, this claim is foreclosed from federal habeas review.

### 7. *Equal Protection Claim Regarding Statute of Conviction*

In the amendment to his § 2254 petition, Davis claims that the statute under which he was convicted violated the Equal Protection Clause because it proscribed his right "to

enter into and maintain certain intimate human relationship conduct without intervention of the government." *See* (Doc. 18).

Davis raised this claim in his second Rule 32 petition and on appeal from the denial of that Rule 32 petition. In its memorandum opinion affirming the denial of Davis's second Rule 32 petition, the Alabama Court of Criminal Appeals held this claim was procedurally barred under Ala. R. Crim. P. 32.2(a)(3) & (5), because it was a claim that could have been, but was not, raised and addressed at trial and on appeal. (Doc. 23-4) at 3. The state court's application of Ala. R. Crim. P. 32.2(a)(3) & (5) constituted an adequate and independent state procedural ground for denying relief. *Harris*, 489 U.S. at 264 n.10. These procedural bars are firmly established and regularly followed by Alabama appellate courts. *See, e.g., Tucker,* 696 So. 2d at 1171–73; *Brownlee*, 306 F.3d at 1065–66 (11th Cir. 2002). Consequently, Davis's claim is procedurally defaulted. Davis sets forth no grounds as cause excusing his procedural default. And he does not argue that the actual-innocence exception provides a gateway for review of this defaulted claim. Because Davis fails to demonstrate cause or actual innocence excusing his procedural default, this claim is foreclosed from federal habeas review.

### 8. *Jury Instructions*

In the amendment to his § 2254 petition, Davis claims that the trial court's jury instruction regarding § 13A-6-138, Ala. Code 1975, created a misleading "mandatory rebuttable presumption" that Davis was in a dating relationship, i.e., a "qualified relationship" with the victim. *See* (Doc. 18).

Davis raised this claim in his second Rule 32 petition and on appeal from the denial of that Rule 32 petition. In its memorandum opinion affirming the denial of Davis's second Rule 32 petition, the Alabama Court of Criminal Appeals held that this claim was procedurally barred under Ala. R. Crim. P. 32.2(a)(3) & (5), because it was a claim that could have been, but was not, raised and addressed at trial and on appeal. (Doc. 23-4) at 3. The state court's application of Ala. R. Crim. P. 32.2(a)(3) & (5) constituted an adequate and independent state procedural ground for denying relief. *Harris*, 489 U.S. at 264 n.10. These procedural bars are firmly established and regularly followed by Alabama appellate courts. Consequently, Davis's claim is procedurally defaulted. Davis sets forth no grounds as cause excusing his procedural default. And he does not argue that the actual-innocence exception provides a gateway for review of this defaulted claim. Because Davis fails to demonstrate cause or actual innocence excusing his procedural default, this claim is foreclosed from federal habeas review.

### 9. *Apprendi* Claim

In the amendment to his § 2254 petition, Davis claims that his 30-year sentence violated the principles of *Apprendi v. New Jersey*, 530 U.S. 466 (2000). *See* (Doc. 18).

Davis raised this claim in his second Rule 32 petition and on appeal from the denial of that Rule 32 petition. In its memorandum opinion affirming the denial of Davis's second Rule 32 petition, the Alabama Court of Criminal Appeals held that this claim was procedurally barred under Ala. R. Crim. P. 32.2(a)(3) & (5), because it was a claim that could have been, but was not, raised and addressed at trial and on appeal. (Doc. 23-4) at 3. As with Davis's other amended claims, the state court's application of Ala. R. Crim. P.

32.2(a)(3) & (5) constituted an adequate and independent state procedural ground for denying relief. *Harris*, 489 U.S. at 264 n.10. These procedural bars are firmly established and regularly followed by Alabama appellate courts. Consequently, Davis's claim is procedurally defaulted. Davis sets forth no grounds as cause excusing his procedural default. And he does not argue that the actual-innocence exception provides a gateway for review of this defaulted claim. Because Davis fails to demonstrate cause or actual innocence excusing his procedural default, this claim is foreclosed from federal habeas review.

### III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the petition for writ of habeas corpus under 28 U.S.C. § 2254 be DENIED and this case be DISMISSED with prejudice.

The Clerk of the Court is DIRECTED to file the Recommendation of the Magistrate Judge and to serve a copy on the petitioner. The petitioner is DIRECTED to file any objections to this Recommendation **on or before June 13, 2019**. Any objections filed must specifically identify the factual findings and legal conclusions in the Magistrate Judge's Recommendation to which the petitioner objects. Frivolous, conclusive, or general objections will not be considered by the District Court.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the district court's order based on unobjected-to factual and legal

conclusions" except upon grounds of plain error if necessary in the interests of justice. 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE this 30th day of May, 2019.

/s/ Stephen M. Doyle<br>UNITED STATES MAGISTRATE JUDGE